UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, et al. | )<br>)<br>) |
| *Plaintiffs,* | )<br>)  Civil Action No.: 18-cv-1632 |
| v. | )<br>) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. | )<br>)  Judge: Mary Ann Vial Lemmon<br>) |
| *Defendants.* | )  Magistrate Judge: Michael North<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE DEFENDANTS' ANSWER (ECF NO. 9) AS NONRESPONSIVE**

The Plaintiffs, Gulf Restoration Network, Little Tchefuncte River Association, Louisiana Environmental Action Network, Louisiana Audubon Council, and Sierra Club ("Plaintiffs"), respectfully submit the following Memorandum in Support of their Motion to Strike Defendants,' U.S. Environmental Protection Agency, Scott Pruitt, and Anne Idsal's (collectively "EPA's") Answer to the Complaint as nonresponsive.

**I. Introduction**

A. *Nature of the Case*

This case involves a challenge to the EPA's approval of Louisiana's drastically lowered requirements for dissolved oxygen levels ("DO criteria") in thirty-one water bodies in the eastern Lower Mississippi River Alluvial Plains Ecoregion ("the Ecoregion"). The affected waters include popular recreational rivers, streams, and bayous on the northshores of Lakes Ponchartrain and Maurepas, including several that have been designated Outstanding Natural Resource Waters under the Clean Water Act and Scenic Rivers under the Louisiana Scenic

Rivers Act. These include portions of the Blind River, Tchefuncte River, Bayou Cane, Bayou Lacombe, Bayou Labranche and Bayou Trepagnier. All of the affected waterbody segments affected by the revised criteria are also designated for Fish and Wildlife Propagation.

The Plaintiffs' complaint alleges that EPA approved these criteria based on unsound science, unpromulgated methodologies, without considering that the criteria will degrade the existing water quality of many of the affected streams, and without analysis of the effects of the resulting hypoxic conditions on the fish and other aquatic life in these waters.

   B. *Summary of the Complaint and Defendants' Answer*

EPA's Answer was nonresponsive and not properly pleaded. For the majority of Plaintiffs' allegations, EPA did not admit or deny the facts stated in the Complaint. Instead, it responded that the facts were based on documents or reports that "speak for themselves" (e.g. paragraphs 3, 21, 50-52, 54-56, 61, 63, 65-68, 70-72, 74, 78, 79, 81-90, 94-106, 108, and 110). ECF No. 9. EPA also refused to admit or deny factual averments by contending they are "conclusions of law to which no response is required" (e.g. paragraphs 1, 19, 53, 58, 64, 69, and 73). *Id.*

The paragraphs of the Complaint and EPA's answers that are at issue in this motion are set forth in their entirety in an attachment to this memorandum. Exhibit A. The most egregious examples of nonresponsive answers occur in response to the "Facts" section of the Complaint, at paragraphs 48-110, which sets forth factual allegations underpinning the complaint. ECF No. 9 at 7-15. For the sake of brevity, they will not all be repeated here; however, some examples follow.

In paragraph 68 of the Complaint, in its entirety, the Plaintiffs allege that "[n]either EPA nor LDEQ determined whether any of the streams to which the revised dissolved oxygen criteria apply have dissolved oxygen water quality equaling or exceeding the level necessary to protect

the designated use or otherwise required by applicable water quality standards." ECF No. 1 at 13. EPA's response was: "Paragraph 68 characterizes EPA's approval document, which speaks for itself and is the best evidence of its contents." ECF No. 9 at 10. In paragraph 96, the Plaintiffs allege: "The revised dissolved oxygen criteria which LDEQ promulgated and EPA approved apply to estuarine and tidally influenced waters within the Ecoregion." ECF No. 1 at 16. EPA responded: "The allegation in Paragraph 96 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation is consistent with those water quality standards, Defendants deny it." ECF No. 9 at 13. Similarly, Paragraphs 71, 72, 78, 82, 83, 87-90, 98, 100, 101, 106, 108, and 110 of the complaint state factual allegations. To every one of these averments, EPA's Answer fails to offer any substantive response, neither admitting or denying, relying instead on its approval document, which it states "speaks for itself and is the best evidence of its contents." ECF No. 9.

In paragraph 73 of the Complaint the Plaintiffs allege that "[t]he revised criteria applicable to many of the affected rivers and streams – including the Tchefuncte River – do not comply with antidegradation policy." ECF No. 1 at 13. EPA's corresponding answer fails to respond to this averment, instead stating that "Paragraph 73 states legal conclusions to which no response is required." ECF No. 9 at 10. In paragraphs 1, 53, 58, 64, and 69, EPA offers the similarly evasive and insufficient answer that statements of legal conclusion do not require a response.

**II.   Argument and Citation of Authority**

Under Fed. R. Civ. P. 12(f) the Court may order stricken from a pleading any insufficient defense. The court should strike EPA's Answer in this case as insufficient because it does not meet the pleading requirements of Fed. R. Civ. P. 8(b). Rule 8(b)(1) provides, "In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each

3

claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."[1] "The theory of Rule 8(b) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue . . . ." 5 Wright & Miller, Fed. Prac. & Proc. Civ.3d §1261.

Rule 8 provides for only three potential responses to each averment: admission, denial outright, or denial by lack of knowledge or information sufficient to form a good faith belief as to the truth of the averment. 1 Gensler, Fed. R. Civ. P., Rules and Commentary, Rule 8; Fed. R. Civ. P. 8(b)(1)(B), (b)(5); *see Kegerise v. Susquehanna Township School District*, 321 F.R.D. 121, 124 (M.D. Pa. 2016) ("Rule 8(b) permits a party only three ways to respond to an allegation: (1) admit it; (2) deny it or; (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation."); and *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("[T]his Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents.")

However, for more than 50 paragraphs, EPA's Answer provides neither admission, denial, nor a contention that EPA is without sufficient knowledge or information to provide an admission or denial. Instead, the EPA's Answer frequently responds that Plaintiffs' factual averments are based on documents that "speak for themselves and are the best evidence of their contents" or that the averment "states legal conclusions to which no response is required."

The EPA's Answer to paragraphs 3, 21, 50-52, 54-56, 61, 63, 65-68, 70-72, 74, 78, 79, 81-90, 94-106, 108, and 110 invoke the objection that documents speak best to their own contents, which does not meet the requirements of Rule 8.

---

[1] The Rules also allow a party which "lacks knowledge or information sufficient to form a belief about the truth of an allegation" to so state.  Fed. R. Civ. P. 8(b)(5).

The Northern District of Texas has also held that a defendant's answer that a document "speaks for itself" is deficient under Rule 8(b). *Bruce v. Anthem Ins. Companies, Inc.* 2015 WL 1860002, at *2 (N.D. Tex. 2015) (citing *Lane v. Page*, 272 F.R.D. 581, 602-03 (D.N.M. 2011) (stating that "responses that documents speak for themselves…do not comply with rule 8(b)'s requirements.")). In *Bruce*, the court ordered the defendants to file an amended answer removing all insufficient language, including the answer that a document "speaks for itself." *Id.* at *4.

Similarly, district courts within the Seventh Circuit have consistently found that responses that a document "speaks for itself" are insufficient and contrary to the Federal Rules. *Do It Best Corp. v. Heinen Hardware, LLC.*, No. 1:13-CV-69, 2013 WL 3421924, *5 (N.D. Ind. Jul. 8, 2013). In *Do It Best*, the district court granted Plaintiff's Motion to Strike and struck the offensive paragraphs from the Defendants answer without prejudice. *Id.* at *6. The court subsequently ordered the Defendants to further amend their answer to "properly and specifically" respond to the complaint. *Id.*  Similarly, in *State Farm Mutual Auto. Ins. Co. v. Riley*, the court articulated the standard of acceptable response under Rule 8(b), noting that an allegation that a document "speaks for itself" is "an unacceptable device" and continuing "to require pleaders to employ one of the three alternatives that are permitted by [Rule] 8(b)." 199 F.R.D. 276, 279 (N.D. Ill. 2001).

As another district court has explained, rejecting the "speaks for itself" answer:

> [Defendant] asserted that the agreements "speak for themselves." (citation omitted). This is a common pleading device that most likely originates from the evidentiary rules governing admission of documents and testimony about documents, where the document is always the best evidence of its contents. *See Fed.R.Evid. 1002; Fed.R.Evid. 1004.* Defendant's answer ignores the difference between the pleading rules and the evidence rules. Unlike the evidence rules, the pleading rules are intended to expose the pertinent issues in the litigation at the earliest possible stage, so the parties can focus on the actual substance of the dispute as soon as practically possible. *See* Fed. R. Civ. P. 1. Rule 8(b) gives parties

5

three pleading options in the answer: to admit the allegation, to deny the allegation, or to state that the party lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Responding that the documents "speak for themselves" accomplish none of the above.

*Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9326, 2002 WL 31455994, *4 (N.D. Ill. Oct. 30, 2002).

The policy considerations of Rule 8's responsive requirements are outlined in *Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*:

> [I]nstead of providing forthright responses to the specific allegations, [Defendant] asserts that the documents "speak for themselves."…This court will continue to require pleaders to employ one of the only three alternatives that are permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents. No reason appears why [Defendant] should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to. To compound its just-described failure to respond, [Defendant] goes on in each of those paragraphs to state that it denies all of the corresponding Complaint allegations that are "inconsistent therewith."

No. 00 C 2375, 2000 WL 876921, *1 (N.D. Ill. Jun. 26, 2000).

Like the defendant in *Chicago Dist. Council of Carpenters*, EPA's answer to many paragraphs includes a catch-all addendum to each of its insufficient answers: "To the extent that the allegation is inconsistent with [a specific document, which EPA claims speaks for itself], Defendants deny it." This language appears in Paragraphs 3, 50-52, 54-56, 58, 60, 61, 63, 65-67, 70-72, 74, 78, 79, 81-90, 94-106, 108, and 110. As the court asked in *Chicago Dist.*: "How are [Plaintiff's] counsel or this Court expected to divine just what provisions of the Complaint's allegations regarding the operative documents may be viewed as "inconsistent" by [Defendant] and its counsel?" *Id.*

In addition to those paragraphs of EPA's answer which reference documents that "speak for themselves," the answers to Paragraphs 1, 19, 53, 58, 64, 69, and 73 offer a different, but

6

equally insufficient and evasive response. These answers state that the corresponding complaint paragraphs are statements of "legal conclusion[s] to which no response is warranted." "A party answering a complaint must respond to all allegations, even those that state legal conclusions." Grenig, West's Fed. Forms, District Courts – Civil § 8:4 (5th ed.). Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law, even when a party has made a sweeping conclusion of law. *Kegerise*, 321 F.R.D. at 123-24. The Northern District Court of Georgia in the Eleventh Circuit has also held that failure to respond to an allegation because the allegation "states a legal conclusion" is impermissible under the plain language of Rule 8(b). *FDIC v. Stovall*, 2014 WL 8251465, at *11 (citing *Gomez v. U.S.*, 2010 WL 3834211, *1 (S.D. Fla. Sept. 28, 2010) (also stating, with respect to the language that the document speaks for itself, "A pox upon these words."). As the Northern District of Illinois put it:

> Nothing entitles counsel for a pleader to decide for himself or herself that 'no answer is required' because an averment is considered a 'legal conclusion.' Quite to the contrary, no less authority than the Supreme Court has on occasion made it plain that legal conclusions play a recognized role in the notice pleading regime that is embodied in the Federal Rules of Civil Procedure.

*Blowers v. U.S.*, No. 97 C 979, 1997 WL 224986 (N.D. Ill. Apr. 30, 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III.   Conclusion

For the reasons set forth above, Plaintiffs request that the Court strike EPA's Answer and order EPA to file an Amended Answer that complies with Rule 8 within 30 days of the Court's order. If the Supplemental Answer does not conform with Rule 8 and admit, deny or state EPA is without sufficient knowledge to admit or deny the facts averred, the Court should deem the facts admitted.

Respectfully submitted on June 20, 2018,

TULANE ENVIRONMENTAL LAW CLINIC

/s/ Lisa W. Jordan
_____

Lisa W. Jordan, La. Bar No. 20451
Machelle Lee Hall, La. Bar No. 31498
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, Louisiana 70118
Tel. No. (504) 865-5789
Fax. No. (504) 862-8721

*Counsel for Plaintiffs*