## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GULF RESTORATION NETWORK, LITTLE TCHEFUNCTE RIVER ASSOCIATION, LOUISIANA ENVIRONMENTAL ACTION NETWORK, LOUISIANA AUDUBON COUNCIL, AND SIERRA CLUB** | **CIVIL ACTION NO. 18-cv-1632** |
| | **SECTION "S"(5)** |
| | **JUDGE LEMMON** |
| **VERSUS** | **MAG. JUDGE NORTH** |
| **U.S. ENVIRONMENTAL PROTECTION AGENCY, ANDREW WHEELER, ACTING ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, AND ANNE IDSAL, REGIONAL ADMINISTRATOR OF REGION 6, U.S. ENVIRONMENTAL PROTECTION AGENCY.** | |

\*      \*      \*      \*      \*

### ANSWER TO FIRST AMENDED COMPLAINT

Defendants Andrew Wheeler, Acting Administrator, U.S. Environmental Protection Agency,[1] in his official capacity, Anne Idsal, Regional Administrator of EPA Region 6, in her official capacity, and the U.S. Environmental Protection Agency (together, Defendants), answer Plaintiffs' First Amended Complaint as follows:

### INTRODUCTION

1. The first sentence of Paragraph 1 generally characterizes Plaintiffs' claims and requires no response. The second sentence of Paragraph 1 states legal conclusions to which no response is required.

2. Paragraph 2 generally characterizes Plaintiffs' claims and states legal conclusions, for which no response is required.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting EPA Administrator Andrew Wheeler is substituted for former Administrator Scott Pruitt.

3. Defendants admit that the water quality criteria applied to the water bodies identified in Paragraph 3. The remainder of the allegations in Paragraph 3 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

4. Paragraph 4 characterizes Louisiana's revised criteria which speak for themselves, and are the best evidence of their contents. To the extent the allegations are inconsistent with Louisiana's revised criteria, EPA denies those allegations.

## JURISDICTION

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 contains a legal conclusion to which no response is required. In addition, paragraph 6 quotes and characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Endangered Species Act, Defendants deny it.

7. Paragraph 7 states a legal conclusion to which no response is required

## VENUE

8. Paragraph 8 contains a legal conclusion to which no response is required. Defendants lack information sufficient to admit or deny the factual allegations in Paragraph 8.

9. Paragraph 9 contains a legal conclusion to which no response is required. Defendants lack information sufficient to admit or deny the factual allegations in Paragraph 9.

10. Paragraph 10 contains a legal conclusion to which no response is required. In addition, paragraph 10 quotes and characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Endangered Species Act, Defendants deny it.

## NOTICE

11. In response to the allegations in Paragraph 11, Defendants admit that Plaintiffs provided a letter to EPA, dated January 10, 2017, purporting to provide a 60-day notice of intent to sue, and that a copy of such letter was provided as Exhibit A to Plaintiffs' First Amended Complaint. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each of the allegations.

12. In response to the allegations in Paragraph 12, Defendants admit that Plaintiffs provided a letter to EPA, dated May 17, 2018, purporting to provide a 60-day notice of intent to sue, and that a copy of such letter was provided as Exhibit B to Plaintiffs' First Amended Complaint. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each of the allegations

13. Defendants admit that more than 60 days have passed since January 10, 2017 and May 17, 2018, the dates listed on the letters referenced in Paragraphs 11 and 12 of this Answer.

## PARTIES

14. Defendants lack information sufficient to admit or deny the allegations in Paragraph 14.

15. Paragraph 15 states a legal conclusion to which no response is required.

16. Defendants lack information sufficient to admit or deny the allegations in Paragraph 16.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Defendants lack information sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 states a legal conclusion to which no response is required.

20. Defendants lack information sufficient to admit or deny the allegations in Paragraph 20.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Defendants lack information sufficient to admit or deny the allegations in Paragraph 22.

23. Paragraph 23 states a legal conclusion to which no response is required.

24. Paragraph 24 states a legal conclusion to which no response is required.

25. The first sentence of Paragraph 25 states legal conclusions to which no response is required. Defendants admit the allegation in the second sentence of Paragraph 25.

26. Defendants deny the allegation in the first sentence of Paragraph 26. Andrew Wheeler is the Acting Administrator of the EPA. The second sentence in Paragraph 26 characterizes Plaintiffs' complaint, which is the best evidence of its contents.

27. Defendants admit the allegations in the first sentence of Paragraph 27. The second sentence of Paragraph 27 characterizes an EPA regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 27 are inconsistent with that regulation, EPA denies those allegations. The third sentence of Paragraph 27 characterizes Plaintiffs' complaint, which speaks for itself.

## LEGAL BACKGROUND

28. Paragraph 28 quotes and characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 28 are inconsistent with the Administrative Procedure Act, Defendants deny it.

29. Paragraph 29 quotes and characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Administrative Procedure Act, Defendants deny it.

30. Paragraph 30 quotes and characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

31. Paragraph 31 quotes and characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act, Defendants deny them.

32. Paragraph 32 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

33. Paragraph 33 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

34. Paragraph 34 quotes and characterizes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the federal regulation, Defendants deny it.

35. Paragraph 35 quotes and characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent those allegations are inconsistent with the Clean Water Act, Defendants deny them.

36. Paragraph 36 characterizes the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the Clean Water Act or federal regulations, Defendants deny them.

37. Paragraph 37 characterizes federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with federal regulations, Defendants deny it.

38. Paragraph 38 quotes and characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 38 are inconsistent with Louisiana's water quality standards, Defendants deny them.

39. Paragraph 39 quotes and characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 39 are inconsistent with Louisiana's water quality standards, Defendants deny them.

40. Paragraph 40 characterizes federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with federal regulations, Defendants deny it.

41. Paragraph 41 quotes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with federal regulations, Defendants deny it.

42. Paragraph 42 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

43. Paragraph 43 quotes and characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

44. Paragraph 44 characterizes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the federal regulation, Defendants deny it.

45. Paragraph 45 characterizes the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with the Clean Water Act or federal regulations, Defendants deny it.

46. Paragraph 46 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

47. Paragraph 47 characterizes the Clean Water Act and EPA's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with the Clean Water Act and EPA's regulations, Defendants deny it.

48. Paragraph 48 characterizes federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with the Clean Water Act and federal regulations, Defendants deny it.

49. Paragraph 49 quotes and characterizes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the federal regulation, Defendants deny it.

50. Paragraph 50 quotes and characterizes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal regulation, Defendants deny them.

51. The first sentence of Paragraph 51 quotes and characterizes a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the federal regulation, Defendants deny it. The second sentence of Paragraph 51 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation in the second sentence of Paragraph 51 is inconsistent with Louisiana's water quality standards, Defendants deny it.

52. Paragraph 52 characterizes the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with the Clean Water Act or federal regulations, Defendants deny it.

53. Paragraph 53 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Clean Water Act, Defendants deny it.

54. Paragraph 54 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Endangered Species Act, Defendants deny it.

55. Paragraph 55 characterizes the Endangered Species Act and federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Endangered Species Act and federal regulations, Defendants deny them.

56. Paragraph 56 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Endangered Species Act, Defendants deny it.

57. Paragraph 57 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the Endangered Species Act, Defendants deny it.

## **FACTS**

58. Paragraph 58 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation in Paragraph 58 is inconsistent with Louisiana's water quality standards, Defendants deny it.

59. Defendants admit the allegation in Paragraph 59.

60. Defendants admit the allegation in Paragraph 60 to the extent it alleges that the Louisiana Department of Environmental Quality (LDEQ) published proposed rule WQ091 (LDEQ's Proposal) on June 20, 2015. The remainder of the allegation in

Paragraph 60 characterizes the LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with the LDEQ's Proposal, Defendants deny it.

61. Paragraph 61 characterizes LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with LDEQ's Proposal, Defendants deny it.

62. Paragraph 62 characterizes LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with LDEQ's Proposal, Defendants deny it.

63. Paragraph 63 states legal conclusions to which no response is required.

64. Paragraph 64 characterizes LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with LDEQ's Proposal, Defendants deny it.

65. Paragraph 65 characterizes LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with LDEQ's Proposal, Defendants deny it.

66. Paragraph 66 characterizes LDEQ's Proposal, which speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with LDEQ's Proposal, Defendants deny it.

67. Defendants admit the allegation in Paragraph 67.

68. Defendants admit the allegation in Paragraph 68 to the extent it alleges that Plaintiffs submitted comments to LDEQ on September 4, 2015. Whether those comments were "timely" states a legal conclusion to which no response is required. The remainder of

the allegations in Paragraph 68 characterize Plaintiffs' comment document (Plaintiffs' State Comments), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Plaintiffs' State Comments, Defendants deny them.

69. Defendants admit the allegation in Paragraph 69.

70. Defendants admit the allegation in Paragraph 70 to the extent it alleges that LDEQ issued a Comment Summary Response on November 3, 2015. The remainder of the allegations in Paragraph 70 characterize the Comment Summary Response, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Comment Summary Response, Defendants deny them.

71. Paragraph 71 characterizes the LDEQ's Proposal and the final rule, and Plaintiffs' State Comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

72. Defendants admit the allegation in Paragraph 72.

73. Defendants admit the allegation in Paragraph 73 to the extent it alleges that Plaintiffs sent comments to EPA on March 8, 2016 (Plaintiffs' EPA Comments). The remainder of the allegations in Paragraph 73 characterize Plaintiffs' EPA Comments, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Plaintiffs' EPA Comments, Defendants deny them.

74. Defendants admit the allegations in the first sentence of Paragraph 74. The allegation in the second sentence of Paragraph 74 states a legal conclusion to which no response is required.

75. Paragraph 75 characterizes EPA's approval document, identified in Paragraph 74, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

76. Paragraph 76 characterizes EPA's approval document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

77. Paragraph 77 characterizes EPA's approval document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

78. Paragraph 78 characterizes EPA's approval document and the administrative record, which speaks for itself and is the best evidence of its contents.

79. Paragraph 79 states legal conclusions to which no response is required.

80. Paragraph 80 characterizes EPA's approval document and the administrative record, which speak for themselves and are the best evidence of its contents. To the extent the allegations are inconsistent with these documents, Defendants deny them.

81. Paragraph 81 characterizes EPA's approval document and the administrative record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with these documents, Defendants deny them.

82. Paragraph 82 characterizes LDEQ's Proposal, Comment Summary Response, and EPA's approval document which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

83. Paragraph 83 states legal conclusions to which no response is required.

84. The allegations in the first sentence of Paragraph 84 characterize data collected by LDEQ, which data speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 84 are inconsistent with that data, Defendants deny them. Defendants admit the allegation in the second sentence of Paragraph 84.

85. The allegations in Paragraph 85 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

86. The allegations in Paragraph 86 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

87. Defendants admit the allegation in Paragraph 87.

88. Paragraph 88 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

89. Paragraph 89 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny it.

90. Defendants admit the allegation in Paragraph 90.

91. Paragraph 91 characterizes EPA's approval document, as well as a 2008 EPA-LDEQ document "Development of Dissolved Oxygen (DO) Criteria and Assessment Protocols to Support Fish and Wildlife Propagation in Louisiana Waters Based on Ecological Regions (Ecoregions) and Water Body Types" (Louisiana Ecoregion document), which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

92. Paragraph 92 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with that document, Defendants deny it.

93. Paragraph 93 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with that document, Defendants deny it.

94. Paragraph 94 characterizes the administrative record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

95. Paragraph 95 characterizes EPA's approval document and the administrative record, which documents speaks for themselves and are the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

96. Paragraph 96 characterizes EPA's approval document and the administrative record, as well as the Louisiana Ecoregion document, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

97. Paragraph 97 characterizes EPA's approval document and the administrative record, which documents speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

98. Paragraph 98 characterizes EPA's approval document and the administrative record, which documents speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

99. Paragraph 99 characterizes EPA's approval document and the administrative record, which documents speaks for themselves and are the best evidence of its contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

100. Paragraph 100 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

101. Defendants admit the allegation in Paragraph 101.

102. Defendants admit the allegation in Paragraph 102.

103. Defendants admit the allegation in Paragraph 103.

104. Paragraph 104 characterizes EPA's comments to LDEQ, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that comment document, Defendants deny them.

105. Paragraph 105 characterizes a document identified in Paragraph 105, which document speaks for itself and is the best evidence of its contents. To the extent the allegation is inconsistent with that document, Defendants deny it.

106. Paragraph 106 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with those water quality standards, Defendants deny it.

107. Paragraph 107 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with those water quality standards, Defendants deny it.

108. Paragraph 108 characterizes LDEQ's Proposal, Comment Summary Response and EPA's proposal document, which documents speak for themselves and are the best

15

evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

109. Paragraph 109 characterizes Louisiana's water quality standards, which speak for themselves and are the best evidence of their contents. To the extent the allegation is inconsistent with those water quality standards, Defendants deny it.

110. Paragraph 110 characterizes LDEQ's Proposal, Comment Summary Response and EPA's proposal document, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

111. Paragraph 111 characterizes LDEQ's Proposal, Comment Summary Response and EPA's proposal document, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

112. Paragraph 112 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

113. Paragraph 113 characterizes EPA's approval document, as well as the Louisiana Ecoregion document, and the 2013 LDEQ Use Attainability Analysis of Inland Rivers and Streams document, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, Defendants deny them.

114.     Paragraph 114 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

115.     Paragraph 115 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

116.     Paragraph 116 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

117.     Defendants cannot admit or deny the allegation in Paragraph 117 because the allegation is vague and ambiguous with respect to the terms "[e]vidence before EPA," "not like," and "in significant ways."

118.     Paragraph 118 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

119.     Defendants admit the allegation in Paragraph 119.

120.     Paragraph 120 characterizes EPA's approval document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

121.     Defendants admit the allegation in Paragraph 121.

122.     Defendants admit the allegation in Paragraph 122.

123.     Defendants admit the allegation in Paragraph 123 with respect to the Atlantic sturgeon, Gulf subspecies (Gulf sturgeon), but lack information sufficient to admit or

deny the allegation with respect to the Alabama (inflated) heelsplitter mussel (Alabama heelsplitter).

124.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 124.

125.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 125.

126.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 126.

127.    Paragraph 127 states legal conclusions regarding the meaning of "consult" under ESA Section 7(a)(2), to which no response is required. To the extent a response is required, Defendants state that after approval of the revised criteria, EPA engaged in correspondence with the U.S. Fish and Wildlife Service and the National Marine Fisheries Service regarding EPA's approval of the revised criteria, which correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that correspondence, Defendants deny them. The remaining allegations are legal conclusions for which no response is required.

128.    Paragraph 128 states a legal conclusion, *i.e.*, that ESA Section 7(a)(2) consultation was required before EPA approved the revised criteria, to which no response is required. To the extent a response is required, Defendants provide the same response as set forth in response to the allegations in Paragraph 127. The allegations in Paragraph 128 also characterize EPA's June 3, 2016 approval letter, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

129.     Paragraph 129 states legal conclusions regarding the meaning of "consult" under

ESA Section 7(a)(2), to which no response is required. To the extent a response is

required, Defendants provide the same response as set forth in response to the

allegations in Paragraph 127. In addition, the allegations characterize EPA's

correspondence with the U.S. Fish and Wildlife Service and National Marine Fisheries

Service, which correspondence speaks for itself and is the best evidence of its contents.

To the extent the allegations are inconsistent with this correspondence, Defendants

deny them.

130.     Paragraph 130 states legal conclusions regarding the meaning of federal

regulations implementing ESA Section 7, for which no response is required.

131.     Paragraph 131 states legal conclusions regarding the meaning of federal

regulations implementing ESA Section 7, for which no response is required.

132.     Defendants admit that EPA completed a Biological Evaluation on October 5,

2017 and sent that document to the U.S. Fish and Wildlife Service. The remaining

allegations in Paragraph 132 characterize EPA's Biological Evaluation, which

document speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with that document, Defendants deny them.

133.     Paragraph 133 characterizes EPA's Biological Evaluation, which document

speaks for itself and is the best evidence of its contents. To the extent the allegations are

inconsistent with that document, Defendants deny them.

134.     Paragraph 134 states legal conclusions regarding the meaning of "consultation"

under ESA Section 7(a)(2), to which no response is required. To the extent a response

is required, Defendants provide the same response as set forth in response to the allegations in Paragraph 127.

135.     The allegations in the first and last clauses of Paragraph 135 state legal conclusions regarding the meaning of "consult" and "consultation" under ESA Section 7(a)(2), to which no response is required. To the extent a response is required, Defendants provide the same response as set forth in response to the allegations in Paragraph 127. The remaining allegations in Paragraph 135 characterize a U.S. Fish and Wildlife Service document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

136.     Paragraph 136 characterizes a U.S. Fish and Wildlife Service document, which document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants deny them.

137.     Paragraph 137 states legal conclusions that EPA's approval of the revised criteria "may affect" listed species within the meaning of the federal regulations implementing ESA Section 7, and legal conclusions regarding the meaning of "consultation" under ESA Section 7(a)(2), for which no response is required. To the extent a response is required for those allegations, Defendants provide the same response as set forth in response to the allegations in Paragraph 127. As to the allegation that EPA has not remedied "deficiencies" in the Biological Evaluation, the allegation is vague and ambiguous and denied on that basis. Further, that allegation characterizes a U.S. Fish and Wildlife Service document, which document speaks for itself and is the best

evidence of its contents. To the extent the allegations are inconsistent with that document, Defendants further deny them on that basis.

138.     Paragraph 138 states a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION

139.     Paragraph 139 states legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION

140.     Paragraph 140 states legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION

141.     Paragraph 141 states legal conclusions to which no response is required.


142.     Paragraph 142 states legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION

143.     Paragraph 143 states legal conclusions to which no response is required.

144.     Paragraph 144 states legal conclusions to which no response is required.

145.     Paragraph 145 states legal conclusions to which no response is required.

146.     Paragraph 146 states legal conclusions to which no response is required.

147.     Paragraph 147 states legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Paragraphs A - J consist of Plaintiffs' request for relief, to which no response is required.

## GENERAL DENIAL

To the extent that any allegation is not specifically addressed in the preceding paragraphs, Defendants deny that allegation.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

The court lacks subject matter jurisdiction over one or more of Plaintiffs' claims.

## SECOND DEFENSE

One or more of Plaintiffs' claims fails to state a claim upon which relief can be granted.


Defendants may have additional defenses which are not known at this time but which may become known as Plaintiffs clarify their claims. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12, once the precise nature of the claims or events is ascertained in the future.

Dated: August 31, 2018                    Respectfully submitted,


                                          JEFFREY H. WOOD
                                          Acting Assistant Attorney General
                                          Environment and Natural Resources Division

                                          */s/ Meghan E. Greenfield*
                                          Meghan E. Greenfield
                                          U.S. Department of Justice
                                          Environment & Natural Resources Division
                                          Environmental Defense Section
                                          P.O. Box 7611
                                          Washington, D.C. 20044
                                          Telephone: (202) 514-2795
                                          Facsimile: (202) 514-8865
                                          Meghan.Greenfield@usdoj.gov

                                          Clifford E. Stevens, Jr.
                                          U.S. Department of Justice
                                          Environment & Natural Resources Division
                                          Wildlife & Marine Resources Section
                                          Ben Franklin Station, P.O. Box 7611
                                          Washington, D.C. 20044-7611
                                          Telephone: (202) 353-7548
                                          Facsimile: (202) 305-0275
                                          Clifford.Stevens@usdoj.gov

                                          DUANE A. EVANS
                                          UNITED STATES ATTORNEY

                                          */s/  K. Paige O'Hale*
                                          K. Paige O'Hale (LA# 35943)
                                          Assistant United States Attorney
                                          650 Poydras Street, Suite 1600
                                          New Orleans, Louisiana  70130
                                          Telephone:  (504) 680-3000
                                          Fax: (504) 680-3174
                                          Paige.OHale@usdoj.gov

                                          *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On August 31, 2018, I electronically submitted the foregoing document with the Clerk of the Court, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically.

/s/ Meghan E. Greenfield
Meghan E. Greenfield