UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, ET AL | CIVIL ACTION |
| VERSUS | NO: 18-1632 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL | SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Strike Defendants' Answer as Nonresponsive** (Rec. Doc. 9), is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that defendants shall file an amended answer consistent with this order within 15 days of entry of this order.

### BACKGROUND

Before the court is plaintiffs' Motion to Strike Defendants' Answer as Nonresponsive.

In this case, plaintiffs challenge defendant, United States Environmental Protection Agency's ("EPA's") approval of Louisiana's lowered requirements for dissolved oxygen levels in thirty-one water bodies north and west of Lakes Ponchartrain and Maurepas, extending south and west to the Mississippi River. The affected water bodies include the Tchefuncte River, the Tickfaw River, the

Amite River, the Tangipahoa River, Bayou Lacombe, Bayou Trepagnier, Cane Bayou, Bayou Labranche, Bayou Castine, Pontchatoula Creek, and Bayou Liberty. Plaintiffs allege that the lower dissolved oxygen criteria approved by EPA allow significantly more pollution than was previously allowed– including treated sewage – to be discharged into these rivers, streams, creeks, bays, and bayous, and that in approving nearly hypoxic standards, (1) the EPA disregarded Clean Water Act requirements that water quality criteria must protect the fish and wildlife which live in these water bodies, (2) relied on unsound science, and (3) lacked a rational basis for the approval. Plaintiffs further allege that the EPA approved these hypoxic water quality standards without insuring that the lowered criteria would not jeopardize the continued existence of species listed under the Endangered Species Act, like the Gulf sturgeon, or result in the adverse modification of their critical habitat.

The EPA filed an answer to the original complaint, to which the instant motion to strike was originally directed. Subsequent to the filing of that motion, plaintiffs filed a First Amended Complaint (Rec. Doc. 13), to which a second answer was filed by the EPA. Plaintiff considered the second answer similarly non-responsive, and, instead of filing a renewed motion to strike, sought and was

2

granted leave to file a supplemental memorandum in support of the original motion to strike. Thus, the motion is now directed to the answer to the amended complaint instead of the answer to the original complaint.

## ARGUMENTS OF THE PARTIES

Plaintiffs contend that the EPA's Answer to the First Amended Complaint is nonresponsive and not properly pleaded, because for many of plaintiffs' allegations, the EPA did not admit or deny the facts stated in the amended complaint, but rather responded that the facts were based on documents or reports that "speak for themselves." As well, the EPA also refused to respond to many of the allegations by contending they are "conclusions of law to which no response is required." Accordingly, plaintiffs have moved under Rule 12(f) to strike defendants' answer as non-responsive.

The EPA has countered that their answer satisfies the minimal pleading requirements of Federal Rule of Civil Procedure 8, and that plaintiffs have not alleged the required prejudice from the EPA's answer as pled, nor can they, because this is a record review case brought under the APA in which plaintiffs' claims will be resolved on the administrative record before the court, and which will involve no discovery nor the resolution of disputed fact issues.

# DISCUSSION

## *I. Defendants' Answer does not meet the requirements of Rule 8(b).*

Federal Rule of Civil Procedure 8(b) provides:

(b) Defenses; Admissions and Denials.

(1) In General. In responding to a pleading, a party must:

    (A) state in short and plain terms its defenses to each claim asserted against it; and

    (B) admit or deny the allegations asserted against it by an opposing party.

(2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.

(3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required

and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Thus, under Rule 8, "an opposing party has three options for responding to an allegation: (1) it can admit the allegation; (2) it can deny the allegation; or (3) it can state that it lacks information or knowledge sufficient to form a basis to either admit or deny." Rule 8. General Rules of Pleading, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 8 (citing cases). However, as the Federal Rule commentators have observed:

> It is (unfortunately) common for lawyers to use responses other than the three options of admitting, denying, and stating lack of information. For example, lawyers sometimes will respond to an allegation by saying that "it is a legal conclusion that requires no response." Also, when an allegation concerns the content of a document, lawyers sometimes will respond by saying that "the document speaks for itself." Under a strict interpretation of Rule 8(b), these responses constitute admissions; this is because they are not denials, and Rule 8(b)(6) treats all allegations not denied as having been admitted. Thus, lawyers who make use of "other responses" risk having them stricken or treated as admissions unless the court construes them otherwise.

Id. (citing cases).

Defendants' answer herein suffers from the defects described above in that it states numerous times that "the document speaks for itself," (confusingly, in some cases, because the corresponding allegation contains no reference to a document).

Likewise, defendants' answer repeatedly states that certain allegations are "legal conclusions requiring no answer." Thus, it does not conform with Rule 8(b).

As numerous district courts have concluded:

> Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements. See Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1–2 (E.D. Wis. Dec. 22, 2008)("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' ... Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'") (quoting State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill.2001).); N. Ind. Metals v. Iowa Exp., Inc., 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) ("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); Rudzinski v. Metropolitan Life Ins. Co., 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007) (stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves."); State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill.2001) ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that all allegations must be responded to."). "Indeed, legal conclusions are an 'integral part of the federal notice pleading regime. Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.'" Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1 (citation omitted).

Lane v. Page, 272 F.R.D. 581, 602–03 (D.N.M. 2011).

Applying the foregoing principles, the court concludes that defendants'

answer does not comply with Rule 8(b). Moreover, defendants' argument that they are exempt from the requirements of Rule 8(b) because this case is an record review case, is not accepted. First, as noted by plaintiffs in their reply, the drafters could have explicitly excepted record review cases from Rule 8(b), which they did not (in contrast to Rule 26(a)(1), which explicitly exempts record review cases from initial disclosure).[1] Second, also as noted in plaintiffs' reply, courts have in fact required defendants to replead their answers for deficiencies similar to those present here in other record review cases. See, e.g., Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc., 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000); Bruce v. Anthem Ins. Cos. Inc., 2015 WL 1860002, at *1-2 (N.D. Tex. Apr. 23, 2015). Accordingly, defendants have failed to conform with the applicable rule, Rule 8(b), in filing their answer to the first amended complaint.

## II. A Motion to Strike under Rule 12(f) is not the best vehicle for the requested

---

[1] Federal Rule of Civil Procedure 26(B) provides:

*Proceedings Exempt from Initial Disclosure*. The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record. . . .

*relief.*

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The provision was adopted to provide a mechanism to dispose of a wholly insufficient *defense* at the pleading stage. 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)(emphasis added). With respect to Rule 8, the provision has been used to strike insufficient affirmative defenses under Rule 8(c), as well as scandalous and extraneous matter. However, there appears to be no controlling authority mandating that it is the proper vehicle to address those portions of an answer which do not comprise affirmative defenses, but are nonetheless insufficient.

Rule 8 itself provides a built-in mechanism for curing such pleading defects: "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6); <u>see also</u>, WRIGHT & MILLER, <u>supra</u>, § 1261 at 528. ("If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted."). However, courts and litigants have used alternative vehicles to address

the problem, for example, a motion to require the defendant to replead (see, e.g., Rodriguez v. Prof'l Servs. Assistance, Inc., 2007 WL 667166, at *1 (W.D. Tex. Feb.16, 2007)), or a motion to compel defendants to file an amended answer. See, e.g., Bruce, 2015 WL 1860002, at *1-2. These approaches allow the defendants to cure their pleading defects without suffering the consequences of having the averments of plaintiffs' complaint deemed admitted, or having their responsive pleadings stricken. See id., citing WRIGHT & MILLER, supra § 1261, at 530 ("[T]he liberal amendment policy of Rule 15 provides a safety valve that permits the district court to allow deviations from poorly framed denials when it seems appropriate to do so."). Also, because the court would not be proceeding under Rule 12(f), there is no need for plaintiffs to demonstrate prejudice.[2] Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Strike Defendants' Answer as Nonresponsive** (Rec. Doc. 10), is **granted in part** to the extent that the court finds that defendants' answer does not comply with Federal Rule of Civil Procedure 8(b); and is **denied in part**, to the extent it seeks to have the answer

---

[2]In the Eastern District of Louisiana, courts have held that "even when technically appropriate and well-founded, motions to strike are not be granted in the absence of a showing of prejudice to the moving party." Abene v. Jaybar, L.L.C., 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (citing 5C WRIGHT & MILLER, supra, § 1381 (internal quotations omitted).

stricken as non-responsive;

**IT IS FURTHER ORDERED** that defendants shall replead their answer in compliance with Federal Rule 8(b) within **15 days** of entry of this order.

New Orleans, Louisiana, this __25th__ day of October, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**