UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF RESTORATION NETWORK, et al. | ) | |
| | ) | Civil Action No.: 18-cv-1632 |
| *Plaintiffs*, | ) | |
| v. | ) | Judge: Mary Ann Vial Lemmon |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | Magistrate Judge: Michael North |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

Defendants the U.S. Environmental Protection Agency ("EPA"), the EPA Administrator, and the Regional Administrator of EPA Region 6 ("Defendants") submit this response to Plaintiffs Statement of Material Facts. ECF No. 47-7. As set forth below, many of Plaintiffs' purported statements of material fact make legal conclusions, not statements of fact, and therefore no response is required here. To the extent required in the posture of this case, Defendants' response to Plaintiffs' legal arguments and conclusions is contained in their opposition to Plaintiffs' motion for partial summary judgment.

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Plaintiffs' statement makes legal conclusions, not a statement of material fact.

5. Defendants do not dispute the first sentence. The second sentence makes a legal conclusion, not a statement of material fact.

1

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Defendants do not dispute that the Gulf sturgeon and Alabama heelsplitter mussel are known to occur in some, but not all, of the waterbodies to which the revised dissolved oxygen water quality standards apply.

10. Defendants do not dispute that some, but not all, of the waterbody subsegments to which the revised dissolved oxygen water quality standards apply include areas designated as critical habitat for the Gulf sturgeon under the Endangered Species Act ("ESA").

11. Plaintiffs' statement makes a legal conclusion, not a statement of material fact.

12. Defendants do not dispute that EPA approved the revised dissolved oxygen water quality standards before it initiated consultation under ESA Section 7(a)(2).

13. Defendants maintain that its findings regarding any potential effects of EPA's approval of the revised dissolved oxygen water quality standards are contained in a Biological Evaluation dated October 5, 2017, which states that (1) "EPA has determined that the approval of Louisiana's minimum DO criterion of 2.3 mg/L is not likely to adversely affect (NLAA) the Gulf sturgeon"; (2) "EPA has determined that the approval of Louisiana's one-day minimum DO criterion of 2.3 mg/L is not likely to adversely affect (NLAA) the Alabama heelsplitter " and that (3) "[p]art of EPA's task in this BE is to evaluate if the approval of the minimum 2.3 mg/L criterion would adversely affect critical habitat for the Gulf sturgeon. There are no direct effects to critical habitat as a result of EPA's approval of Louisiana's revised DO criteria. As discussed previously, approving new water quality standards in and of itself will not change the environmental

baseline or directly affect listed species or species proposed for listing. Potential indirect effects may exist because the approval allows implementation of the revised DO criteria. This includes NPDES permits, 303(d) assessment and listings, development of TMDLs, and water quality management plans. However, these indirect effects will not result in physical alterations such as dams, diversions, or dredging that may affect access to historical habitat."

14. Not disputed as to the challenged EPA approval.

15. Not disputed as to the challenged EPA approval.

16. Plaintiffs' statement makes a legal conclusion as to when an agency action causes an effect to ESA-listed species, which is a legal conclusion regarding causation for purposes of ESA Section 7(a)(2). To the extent other numbered paragraphs in Plaintiffs' statement make legal conclusions regarding causation for purposes of ESA Section 7(a)(2), Defendants provide the same response.

17. Plaintiffs' statement makes legal conclusions regarding what interests are germane to their purpose for purposes of organizational standing, which is a legal conclusion, not a statement of material fact.

18. Plaintiffs' statement makes legal conclusions regarding what constitutes injury and causation for standing purposes, which is not a statement of material fact.

19. Plaintiffs' statement makes legal conclusions regarding when injury is fairly traceable to a defendants' alleged conduct for standing purposes, which is not a statement of material fact.

20. Plaintiffs' statement makes legal conclusions regarding redressability for purposes of standing, not a statement of material fact.

21.   Plaintiffs' statement makes legal conclusions regarding whether their grievances fall within the zone of interests protected by the Clean Water Act and the ESA for purposes of prudential standing, not a statement of material fact.

Dated: February 5, 2019                    Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3155
Fax: (504) 680-3174

/s/ Clifford E. Stevens, Jr.
MEGHAN E. GREENFIELD
Trial Attorney
Environmental Defense Section
CLIFFORD E. STEVENS, JR.
Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20004-7611
Tel: (202) 514-2795
Fax: (202) 514-8865
Meghan.Greenfield@usdoj.gov
Clifford.stevens@usdoj.gov