UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF RESTORATION NETWORK, et al., | ) | |
| | ) | Civil Action No.: 18-cv-1632 |
| *Plaintiffs*, | ) | |
| v. | ) | Judge: Mary Ann Vial Lemmon |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | Magistrate Judge: Michael North |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF
### MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR

In moving for voluntary remand without vacatur, Defendants the U.S. Environmental Protection Agency ("EPA"), the EPA Administrator, and the Regional Administrator of EPA Region 6 ("Defendants") have sought to do the right thing – avoid further litigation that would waste the resources of the Court and the parties and instead concede that further administrative action is needed for the challenged approval. ECF No. 46-1 ("Motion for Remand"). Contrary to Plaintiffs' arguments in opposition, ECF No. 60 ("Pls. Opp."), Defendants' request is fully supported by the applicable case law, as set forth in the Motion for Remand and further below. And contrary to Plaintiffs' arguments, Defendants have no improper or hidden motive here. Defendants have appropriately decided not to defend the merits of the ESA claim on this agency record, fully intend to consult under the Endangered Species Act ("ESA') on any aspect of a new decision on remand that has an effect on ESA-listed species, and further have reasonably asked for remand without vacatur in the interim in order to avoid unnecessary disruption to the Clean Water Act ("CWA") permitting program of the State of Louisiana ("State").

1

I.  **Voluntary Remand Is Appropriate Because EPA Identifies a Substantial Concern With Its Original Decision And States An Intent to Reconsider and Perform Additional Process on Remand**

Plaintiffs' arguments that Defendants' request for voluntary remand is not supported by the case law are without merit and contrary to the holdings of numerous courts. Pls. Opp. 2-9. Plaintiffs first rely on cases involving private litigants, not judicial review of agency action, for the proposition that the Court has an "unflagging obligation" to consider the merits. Pls. Opp. 2-3. These cases have no application here. As the Fifth Circuit itself has held, courts may grant voluntary remand of challenged agency actions without consideration of the merits and has observed that doing so is consistent with the principle that "[e]mbedded in an agency's power to make a decision is its power to reconsider that decision." *ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir. 2010) (voluntary remand without consideration of the merits). Cases involving private parties do not involve this same consideration, nor the waste of public resources that occurs from requiring an agency to defend the merits of a claim it does not wish to defend.

Plaintiffs also wrongly argue that voluntary remand is appropriate only where the agency concedes error or there is some intervening change in law or facts since the agency's original decision. Pls. Opp. at 4-9. Numerous cases state precisely the opposite, while also finding that voluntary remand is appropriate as long as the agency in good faith identifies substantial concerns with its original decision that warrant reexamination or further process. "An agency need not confess error to obtain a voluntary remand but should at least 'profess [its] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge.'" *Franciscan All., Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652, at *3 (N.D. Tex. July 10, 2017) (quotation and citation omitted) (declining to consider plaintiff's motion for summary judgment and remanding without vacatur even though "[d]efendants have not confessed error, identified new evidence, or cited any intervening events to support their

remand request."). *See also*, *e.g.*, *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) ("[a]lthough FinCEN does not directly confess error, it recognizes that the Court has identified serious 'procedural concerns' with the Final Rule . . . and it agrees that the 'record . . . needs to be supplemented . . . .'"); *Albemarle Corp. v. United States*, 931 F. Supp. 2d 1280, 1290 (Ct. Int'l Trade 2013), as amended (Aug. 19, 2013) ("CCT's third argument, that a remand is not appropriate unless error is shown, is not a correct statement of the law. An agency need not confess error to obtain a voluntary remand.") (citations omitted); *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017) ("That is not to say that an agency need confess error or impropriety in order to obtain a voluntary remand. But the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge.").

      Here, Defendants have identified a substantial concern with the challenged decision -- the failure to engage in ESA consultation on the approval of the revised dissolved oxygen water quality standard ("revised DO criteria"). Motion for Remand at 8. Defendants also have clearly stated an intention to reconsider and potentially modify that decision following ESA consultation on the effects of any proposed new approval action on remand as necessary. *Id*. at 8-9. Defendants thus have sought voluntary remand on the basis of the same concern that *Plaintiffs themselves* identify as a substantial deficiency warranting a judgment in their favor on the merits. There is nothing "arbitrary or capricious," as Plaintiffs allege, in Defendants seeking to reconsider the approval on this same basis but without a determination on the merits. Pls. Opp. at 1-2, 9. The entire premise of voluntary remand is that the agency seeks remand without a determination on the merits, to conserve the resources of the Court and the parties including EPA, which as a public agency is funded by the taxpayers. Plaintiffs effectively ask the Court to

find that any agency request for voluntary remand without a confession of legal error *per se* is arbitrary and capricious or made in bad faith and must be denied, which is contrary to the case law.[1]

## II. EPA Intends To Engage in ESA Consultation for Any New Approval Action on Remand That Has An Effect on ESA-listed Species

Plaintiffs seize on Defendants' statements in their remand motion that EPA intends to consult under the ESA on remand "as necessary" and accuse EPA of "evad[ing] an assurance that it will consult." Pls. Opp. at 3. Plaintiffs take this language out of context. As Defendants have explained but Plaintiffs ignore, EPA may determine on remand that ESA consultation is not required for the entire approval of the revised DO criteria, given that there are waterbody subsegments to which the revised DO criteria apply but ESA-listed species are not present. Motion for Remand at 11-14. In using the language "as necessary," Defendants sought to capture the fact that ESA consultation may not be required for every aspect of a new approval decision on remand. Nevertheless, EPA fully intends to consult on those aspects of any new decision on remand that have an effect on ESA-listed species when required by the ESA. Plaintiffs'

---

[1] Nor is Defendants' request for voluntary remand untimely as Plaintiffs' allege. Pls. Opp. at 9-10. Defendants sought voluntary remand within a reasonable period (a little over five months) after Plaintiffs amended their complaint to add their ESA claim and only one month after Defendants filed their amended answer to the amended complaint. ECF Nos. 13 and 36. Defendants' motion also was filed only four days after the Court held the first scheduling conference for the case and thus before any significant litigation steps had occurred. ECF No. 44. Before filing the remand motion, EPA had to undertake an internal decision-making process and consult with the State in light of the potential impact on its CWA program. EPA also had to confirm with the U.S. Fish and Wildlife Service ("FWS") that it would in fact be willing to consult under the ESA during a voluntary remand, which EPA did. Motion for Remand at 8. Plaintiffs identify no prejudice from the timing of Defendants' motion and indeed they only sought summary judgment after Defendants filed their motion. As explained in Defendants' motion, no hard and fast rules apply here and Defendants acted reasonably in the circumstances. Remand Motion at 9-10.

speculation that EPA will not consult is unwarranted. EPA is not seeking remand to end up back in court in the same position it finds itself in today. Indeed, EPA has confirmed with FWS that it will consult if the Court remands the challenged action. Motion for Remand at 8.

In addition, while EPA intends to consult on appropriate aspects of a new approval decision on remand, EPA cannot prejudge now what action it will take on remand following reconsideration or what effect that action might have on ESA-listed species. As Defendants noted in their opposition to Plaintiffs' motion for summary judgment, whether ESA consultation is triggered by a proposed action is a determination for EPA to make in the first instance.[2] Whether ESA consultation is triggered thus depends on the proposed action. Plaintiffs seem to presume that EPA will approve the current revised DO criteria on remand and that ESA consultation therefore will be required. As stated below, there is a serious possibility that EPA will approve the revised DO criteria upon remand and reconsideration, but EPA also could decide to disapprove the revised DO criteria for some or all of the waters in question on CWA grounds, which would not require ESA consultation. If EPA were to unqualifiedly commit to consult under the ESA, EPA arguably would commit the agency to a particular course of action on remand and pre-determine ahead-of-time and without a full record what the effect of that future action might be. That would not represent true reconsideration and therefore would be contrary to the purpose of a voluntary remand.

### III. Plaintiffs Do Not Undermine Defendants' Request for Remand Without Vacatur.

In their remand motion and in their opposition to Plaintiffs' motion for summary judgment, Defendants have explained in detail why remand without vacatur is the appropriate

---

[2] The ESA directs the agency taking an action to determine whether listed species may be affected by an action. *See Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 189, n.13 (D.C. Cir. 2017) (declining to conclude for the agency that its action had an effect that triggered ESA Section 7(a)(2) consultation).

remedy in this case regardless of whether the Court grants Defendants' remand motion or Plaintiffs' motion for summary judgment. Defendants will not repeat all of those arguments here, but will make two limited points.

First, as Defendants have explained, there is a serious possibility that EPA could approve the revised DO criteria and waterbody boundaries on remand, following re-examination of the issues and ESA consultation on any effects of the proposed action on listed species. Motion for Remand at 11-14; ECF No. 59 ("Defs. Opp. to Summary Judgment") at 4-5. As in their motion for summary judgment, Plaintiffs do not dispute this factual point, and again resort to a patently erroneous argument that "EPA cannot substantiate its June 3, 2016, decision not to consult with [FWS] before approving the revised criteria." Pls. Opp. at 12. As Defendants explained in their opposition to Plaintiffs' motion, the test plainly is not whether the agency could substantiate its decision if it made the same alleged errors on remand, or remand without vacatur could never occur. Indeed, courts routinely remand without vacatur where the agency likely will perform substantial additional analyses or procedures on remand as necessary to substantiate or correct the agency's original decision. *See* Defs. Opp. to Summary Judgment at 6-7.

Second, Plaintiffs again have not offered any evidence rebutting the State's concerns about the disruption to its CWA permitting program that would occur from vacatur. As the State explained in its declaration, the revised waterbody boundaries approved in the challenged decision are used in over 1,000 state permits applying water quality standards other than the revised DO criteria. *See* Motion for Remand at 14-15. Seeking to distract from the State's substantial concern, Plaintiffs attempt to paint EPA's motion as just a self-serving evasion directed at avoiding a decision on the merits. Contrary to these baseless insinuations, EPA has chosen the course of seeking remand without vacatur after consulting with the State and

based on the State's concerns about vacatur of the revised waterbody boundaries. Vacatur could cause significant harm to the State's program and its permittees, not EPA. And regardless of whether the Court reaches the merits of the ESA claim, vacatur is not the appropriate remedy here given the impact on the State.

## CONCLUSION

The Court should remand without vacatur for further appropriate action by EPA including any required ESA consultation and reconsideration of the other issues raised in Plaintiffs' complaint. This remedy will allow EPA to correct any errors in the process without harm to Plaintiffs and without disruption to the State's CWA permitting program and its permittees.

Dated: February 12, 2019                    Respectfully submitted,

                                                        PETER G. STRASSER
                                                        UNITED STATES ATTORNEY
                                                        Assistant United States Attorney
                                                        650 Poydras Street, Suite 1600
                                                        New Orleans, Louisiana 70130
                                                        Telephone: (504) 680-3155
                                                        Fax: (504) 680-3174

                                                        <u>/s/ Clifford E. Stevens, Jr.</u>
                                                        CLIFFORD E. STEVENS, JR.
                                                        Trial Attorney
                                                        Wildlife & Marine Resources Section
                                                        MEGHAN E. GREENFIELD
                                                        Trial Attorney
                                                        Environmental Defense Section
                                                        Environment & Natural Resources Division
                                                        U.S. Department of Justice
                                                        P.O. Box 7611
                                                        Washington, D.C. 20004-7611
                                                        Tel: (202) 514-2795
                                                        Fax: (202) 514-8865
                                                        Meghan.Greenfield@usdoj.gov
                                                        Clifford.stevens@usdoj.gov