# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, ET AL | CIVIL ACTION |
| VERSUS | NO: 18-1632 |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion for Voluntary Remand Without Vacatur** (Rec. Doc. 46) is **granted in part**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Partial Summary Judgment** (Rec. Doc. 47) is **denied as moot**.

Before the court are two motions, defendants' Motion for Voluntary Remand Without Vacatur, and Plaintiff's Motion for Partial Summary Judgment. Having reviewed the record, the memoranda of counsel, and applicable law, the court finds that the parties are in agreement that remand is inevitable; the only question is whether the remand should be voluntary as requested by defendants, or subsequent to a finding that EPA is violation of section 7(a)(2) of the Endangered Species Act, 16 U.S.C. § 1536(a)(2), as requested by plaintiffs, and whether the remand should be with or without vacatur.

A more detailed recitation of background facts has been set forth by the court in its prior Order and Reasons (Rec. Doc.33), and is incorporated by reference. For purposes of the instant motions, the crucial fact is that the parties actually differ on very little: the EPA acknowledges

that is in violation of section 7(a)(2) of the Endangered Species Act ("ESA"), and that remand and reconsideration at the agency level is necessary. In support of their motion, EPA submitted the affidavit of Louisiana Department of Environmental Quality ("LDEQ") Secretary Chuck Carr Brown, who has averred that the lowered dissolved oxygen "DO" standard challenged by plaintiffs is currently incorporated in one Lousiana Pollutant Discharge Elimination System permit, and that if the matter is remanded, the LDEQ would forego incorporating the lowered DO standard into any further permits during the remand period. Thus, in essence, the EPA has consented to a partial vacatur. Moreover, plaintiffs do not appear to take issue with the new sub-segment boundaries, except to the extent they incorporate the lowered DO standard, suggesting that not vacating the new sub-segment boundaries is acceptable to them.

Absent a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions. Macktal v. Chao, 286 F.3d 822, 825–26 (5th Cir. 2002); see also, Frito-Lay, Inc. v. U.S. Dep't of Labor, 20 F. Supp. 3d 548, 552 (N.D. Tex. 2014). Even in the absence of new evidence or an intervening event . . . courts retain the discretion to remand an agency decision when an agency has raised "substantial and legitimate" concerns in support of remand. Carpenters Indus. Council v. Salazar, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). Granting voluntary remand in such cases preserves scarce judicial resources by allowing agencies "to cure their own mistakes." Id. (citing Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D. C. Cir.1993).

Considering that they have acknowledged that they failed to follow the requirements of section 702(a), the court finds that defendants have raised substantial and legitimate concerns in support of remand. As for vacatur, because (with the exception of the DO standard related to one

permit) there is essential agreement between the parties, a partial vacatur is appropriate. Accordingly,

**IT IS ORDERED** that defendants' Motion for Voluntary Remand Without Vacatur (Rec. Doc. 46) is granted in part, and this matter is hereby **REMANDED** to the agency for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** that the remand is made subject to a **PARTIAL VACATUR**, vacating the new DO standard except in connection with the one permit in which it has been incorporated, and maintaining the new water body boundaries, pending reconsideration on remand;

**IT IS FURTHER ORDERED** that plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 47) is denied as moot.

New Orleans, Louisiana, this 25th day of February, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**